UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT KNOX JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EL DORADO COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-02843-DJC-CKD<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion for Temporary Restraining Order (Pl's Mot. (ECF No. 2)) along with Plaintiff's Complaint (Complaint (ECF No. 1)). Plaintiff seeks a temporary restraining order seeking to "[s]tay the El Dorado County Superior Court proceeding, in case SC20180141" to prevent the El Dorado County Superior Court from holding Plaintiff in contempt and issuing a bench warrant for his arrest. (Pl's Mot. at 3.)

**FACTUAL BACKGROUND**

Plaintiff, Kent Johnson, is a party to an action filed in El Dorado County Superior Court that seeks to partition a piece of property located at 1017 Blue Lake Avenue, South Lake Tahoe, CA.[1] (Pl's Mot. at 5; Complaint at 13.) Plaintiff, who operates his

---

[1] The partition action is part of a larger series of disputes concerning different issues including the assets of a family trust and ownership of the 1017 Blue Lake Avenue property. (Complaint at 12-13.) There are a number of state court actions connected with these disputes. Though the present action

1

business KJ Microwave on a portion of that property, has unsuccessfully sought to prevent the partition of the property including by challenging the jurisdiction of the Superior Court over the partition action itself. (Pl's Mot. at 6-7; Complaint at 17-18.) The Superior Court granted partition by sale of the 1017 Blue Lake Avenue property and appointed a referee. (Complaint at 21; Pl's Mot. at 55.) The property was sold at auction. (Complaint at 21.) As a result of Plaintiff's alleged interference with the sale of 1017 Blue Lake Avenue including Plaintiff's refusal to provide the referee access to the property (Complaint at 41) and Plaintiff's "refus[al] to aid in the fraudulent transfer" of the property, the referee petitioned the El Dorado County Superior Court to hold Plaintiff in contempt. (Pl's Mot. at 6; Complaint at 21.) Contempt proceedings are scheduled to occur before the El Dorado County Superior Court on Friday, December 8, 2023, at which time Plaintiff alleges a bench warrant may be issued. (Pl's Mot. at 3.)

The complaint and present motion both seek injunctive relief in the form of an order staying the partition action in El Dorado County Superior Court. The complaint also seeks an order "[d]eclar[ing] the 'Trust Petition', Partition Complaint' and 'Determination of Issue' complaints void from fraud upon the Court and vacate all Judgments and Orders Deeming Ross, Kent and Curtis owners of '1017'" as well as an order declaring a number of El Dorado County Superior Court cases "void" and vacating all judgments and orders in those cases. (Complaint at 158-59.)

## ANALYSIS

Plaintiff requests that the Court enter a temporary restraining order enjoining a California Superior Court from conducting proceedings in an action before that Court. However, in addition to other defects apparent from the face of the Complaint, Plaintiff's request and this entire action fall directly afoul of the *Younger* Abstention doctrine. It is also clear from the Complaint action is also barred under the *Rooker-Feldman* doctrine.

---

and motion for TRO are focused on the partition action and the related contempt proceedings, both the complaint and the motion make references and connections between multiple state court cases.

### I.     *Younger* Abstention Doctrine

Federal courts are generally required to abstain from interfering with ongoing state court proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Abstention of the federal court is required under *Younger* when "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citations omitted).

Here, there are unquestionably ongoing state judicial proceedings, as the core of this action and Plaintiff's motion is the partition proceedings occurring in El Dorado County Superior Court. Further, Plaintiff's expressly requested relief, both in the present motion and in his Complaint, is to enjoin both those state court proceedings and other state court proceedings, staying the partition action and vacating various orders and judgments. A state's contempt proceedings are a sufficiently important state interest to require abstention under *Younger* as "interference with the contempt process not only 'unduly interfere[s] with the legitimate activities of the Stat[e],' but also 'can readily be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles,'" *Juidice v. Vail*, 430 U.S. 327, 335–36 (1977) (citations omitted) (citing *Younger*, 401 U.S. at 44 and *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975); *See Marciano v. White*, 431 Fed. Appx. 611, 614 (9th Cir. 2011). Plaintiff also has an adequate state forum in which he can raise and pursue claims. *See Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.") Plaintiff's complaint raises a number of complaints against various California judges but the allegations against these judges do nothing to invalidate the broader availability of adequate remedies in state procedures, including those that address acts of bias or prejudice by judicial officers. Accordingly, each of

the requirements for *Younger* Abstention are met and the abstention of the Court is thus required. *Arevalo*, 882 F.3d at 765.

"Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action." *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988). Therefore, the Court will deny Plaintiff's Motion for Temporary Restraining Order and also dismiss this action as required where the requirements are *Younger* met. *See Juror Number One v. California*, No. 2:12-cv-02199-JAM-GGH, 2012 WL 13040661, at *2 (E.D. Cal. Aug. 24, 2012) (finding that *Younger* Abstention applied while reviewing a Motion for Temporary Restraining Order and dismissing the action).

**II.     *Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine bars the Court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This rule bars both explicit and de facto appeals of state court judgments to the district court. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). In determining whether an action functions as a de facto appeal, the court looks to what relief is sought by the Plaintiff. *Id*. at 777–78. There exists a de facto appeal under *Rooker–Feldman* "when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id*. at 778. If the court finds that the action is a de facto appeal of a state court decision, the court cannot hear that portion of the case as well as any issue "inextricably intertwined" with the issue decided by the state court. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003).

Here, the relief requested in the Complaint expressly includes that the Court

declare five state court cases "void" and that the Court vacate "all Judgments and Orders" in six state court cases. Additionally, the apparent purpose of this entire action is clearly to challenge what Plaintiff believes to be wrongs of the state court in its decisions and orders in the numerous cases in which Plaintiff is involved. These plain requests for review of the final determinations of the state court go directly to the core of what is barred by the *Rooker-Feldman* doctrine. *See Green-Jordan v. Taylor*, No. 5:22-00170-DMG-ADS, 2023 WL 4291849, at *3 (C.D. Cal. May 3, 2023) (finding that the *Rooker-Feldman* doctrine applied to bar claims which sought to challenge a state court's partition order); *See also Polk v. County of Contra Costa*, 2014 WL 3940206, at *7 (same).

All claims raised in Plaintiff's complaint are inextricably intertwined with multiple state court judgments. *See Noel*, 341 F.3d at 1158. Plaintiff's claims entirely revolve around the series of state court judicial proceedings in which he is involved and implicate the validity of the judgments of those proceedings. This is made even more clear by the fact that Plaintiff has named numerous judges who presided over these state court proceedings as defendants in this action. The *Rooker-Feldman* doctrine applies to situations such as this where the plaintiff brings suit against state court judges raising claims that constitute a challenge to the results of state court proceedings. *Marciano v. White*, 431 Fed. Appx. 611, 613 (9th Cir. 2011).

Given the above, the Court is barred from hearing this action under the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp.*, 544 U.S. at 284. The Court dismissed this action as barred under *Rooker-Feldman* in addition to the abstention required by *Younger*, as detailed above.

////

////

////

////

////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) is DENIED;
2. This action is DISMISSED; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 7, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE